IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOUGLAS P. DODD,                    )
                Plaintiff,          )
                                    )
    vs.                             ) Civil Action No. 08-35J
                                    ) Judge Kim R. Gibson/
BRAIN SCOTT CLARK; NURSE KIM;       ) Magistrate Judge Amy Reynolds Hay
LEONE; WANDA; TESS,                 )
                Defendants.         )


REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the complaint in the above-captioned case [Dkt. 1] be dismissed for failure to prosecute.

II.   Report

The plaintiff, has presented a civil rights complaint against Brain Scott Clark, Nurse Kim, Leone, Wanda and Tess, alleging that his ankle was injured and he developed a sinus infection while he was incarcerated at the Bedford County Jail, and that defendants denied him proper medical treatment.

On May, 1, 2008, this court issued a service order directing the United States Marshal to mail a copy of the complaint, notice of lawsuit and request for waiver of service of summons, and waiver to each defendant, and apprizing plaintiff of various procedures he was required to follow, including advising the court immediately of any change in address and that failure to do so could result in dismissal of his case for failure to prosecute. A copy of the order was sent to plaintiff at the Bedford County Jail which was the only address of record provided by plaintiff. On or about May 7, 2008, however, the order was returned to the court marked "not

deliverable." The court was subsequently advised that plaintiff had been released from the Bedford County Jail on April 24, 2008. Consequently, on June 30, 2008, this court issued an order directing plaintiff to show cause on or before July 14, 2008, why the case should not be dismissed for failure to prosecute. To date, plaintiff has failed to respond. While it also appears that plaintiff is no longer at the Bedford County Jail, which is the only address provided to the court, he has failed to notify the court of his whereabouts as ordered or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's order and failure to notify the court that he was no longer incarcerated which weigh heavily against

him.  Plaintiff's failure to notify the court of his change of address so that the court could communicate with plaintiff and his subsequent failure to respond to the court's order to show cause was not only solely his personal responsibility but his failure to do so even three months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's Orders -- there appears to be no specific prejudice to defendants as they have not yet been served with the complaint.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendant may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  Moreover, because he has failed to notify the court of his change of address so that the case may go forward, as evidenced by his failure to respond to the court's order to show cause, plaintiff apparently has no serious interest in pursuing this case.  It therefore appears that dismissal is the most appropriate action for this court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by August 11, 2008, in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,


/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


Dated: July 22, 2008

cc: Douglas P. Dodd
Bedford County Jail
425 Imlertown Road
Bedford, PA 15522